# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **NATIONWIDE MUTUAL INS. CO.; and NATIONWIDE MUTUAL FIRE INS. CO.,**  Plaintiffs | No. 1:09-CV-1431 |
| v. | |
| **FREDERICK G. GARMAN,** Defendant | J. Rambo |
| v. | |
| **THE PHOENIX INS. CO. a/s/o JAMES and CHRISTINA MORTON,** Intervenor Defendant: | |

## **M E M O R A N D U M**

Before the court are Defendant Frederick G. Garman's motion to compel joinder, (Doc. 17), and Intervenor Defendants Phoenix Insurance Company and James and Christine Morton's motion to intervene, (Doc. 7) (collectively, "Defendants"). For the reasons that follow, the motion to compel joinder will be denied and the motion to intervene will be deemed moot.

**I.      Background**

       **A. Facts**[1]

          **1. Parties**

Plaintiffs Nationwide Mutual Insurance Company and Nationwide Mutual Fire Insurance Company ("Nationwide") are both insurance companies

---

[1] The following facts are taken from Plaintiffs' complaint against Defendant Garman. (Doc. 1.) As the veracity of the allegations is not pertinent to the instant motions, the court makes no determinations here regarding the underlying declaratory judgment.

incorporated in the state of Ohio. Nationwide Mutual Fire issued Garman a Homeowners Policy effective from May 15, 2008, to May 15, 2009. In addition, Nationwide Mutual issued Garman an Umbrella Policy effective July 24, 2008, to July 24, 2009.

Defendant Garman and Defendants Mortons are all residents of York, Pennsylvania. Defendant Phoenix Insurance Company provided insurance on the Mortons' property.

### 2. The Fire

In July of 2008, the Mortons hired Garman to pressure wash their deck. Garman began his work on or around July 24, 2008. On July 31, 2008, Garman applied a Penafin stain to the deck, using towels to wipe the stain. He than placed these towels in the Mortons' garage. On August 1, 2008, Garman used these same towels to do touch up work on the deck. Later that afternoon, a fire occurred on the Mortons' property causing extensive damage. It is alleged that this fire was caused by the spontaneous combustion of the rags Garman placed in the garage.

Nationwide argues that because Garman was engaged in a business pursuit, it was outside the coverage provided by his homeowners insurance, or the accompanying umbrella policy.

### B. Procedural Posture

On October 13, 2009, Phoenix and the Mortons filed an action against Garman alleging that due to his negligent action of placing the rags in the garage, the Mortons' property burned down. (*See* 1:09-cv-1978, Doc. 1.) On July 23, 2009, Nationwide filed the instant action asking this court to declare that they have no

obligation to cover Garman in Phoenix's related action because Garman was engaged in a business activity that is outside the scope of his policy. (Doc. 1.)

On December 6, 2009, Phoenix filed a motion to intervene in the declaratory judgment action arguing they have an interest in the outcome of the litigation. (Doc. 7.) A brief in support was filed on January 4, 2010. (Doc. 16.) To which Nationwide opposed on January 12, 2010. (Doc. 18.) On April 1, 2010, after the case was briefly stayed, Phoenix filed their reply brief. (Doc. 29.)

On January 12, 2010, Garman filed a motion to compel joinder of Phoenix arguing that they are a required party under Federal Rule of Civil Procedure 19. (Doc. 17.) On January 29, 2010, a brief in support was filed, (Doc. 22), and Nationwide responded on April 6, 2010, (Doc. 30). Garman filed a responsive brief on April 20, 2010. (Doc. 31.)

Both motions are now ripe for disposition.[2]

**II.** **Discussion**

**A. Rule 19**

Rule 19 to the Federal Rules of Civil Procedure states as follows:

Required Joinder of Parties

(a) Persons Required to Be Joined if Feasible.

(1) Required Party. A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:

---

[2] Although both motions are ripe, Defendant Phoenix, in its reply brief, asked the court to deem their motion to intervene under Federal Rule of Civil Procedure 24 moot, and would like to simply proceed with Garman's motion to compel joinder under Rule 19. Thus, the court will decline to address the motion to intervene as it will be deemed moot.

3

>> (A) in that person's absence, the court cannot accord complete relief among existing parties; or
>> (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
>>> (i) as a practical matter impair or impede the person's ability to protect the interest; or
>>> (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19(a).

The caselaw interpreting motions for joinder under Rule 19(a) is less than clear, and the parties make equally valid arguments. Defendants argue that this court should follow the reasoning outlined in *Fed. Kemper Ins. Co. v. Rauscher*, 807 F.2d 345 (3d Cir. 1987), where joinder was granted, whereas Plaintiff would like the court to follow the reasoning in *Liberty Mut. Ins. Co. v. Treesdale, Inc.*, 419 F.3d 216 (3d Cir. 2005), where a motion to intervene and arguably a motion for joinder, were not granted. The court will discuss each of these cases in turn.

### 1. *Rauscher*

The *Rauscher* case arose out of a significant car accident involving Linda and Robert Griffith, and the insured, Richard Rauscher. *Id.* at 346. At the time of the accident, the Griffiths were passengers in Rauscher's girlfriend's mom's vehicle, and as a result of the accident Linda became permanently disabled. *Id.* at 347.

The automobile involved in the accident was insured by GEICO, Rauscher himself was insured by Federal Kemper Insurance Company ("Kemper"),

under what was considered a commercial liability policy. *Id.* The vehicle Rauscher was driving was not considered covered by his commercial liability policy.

The Griffiths later sued Rauscher for damages, at which time Kemper refused Rauscher's request for coverage. *Id.* Kemper brought a declaratory judgment action against Rauscher and the Griffiths asking the court to determine the extent, if any, they were required to cover either Rauscher or the Griffiths. *Id.* The District Court entered default judgment against Rauscher because he failed to answer the complaint. *Id.* at 346. After judgment was entered against Rauscher, the District Court determined that all the Griffiths' rights were derivative of Rauscher's and without Rauscher as a party, the Griffiths no longer had standing and entered default judgment against them as well. *Id.*

On appeal, certain additional facts could be gleaned from the record. Most importantly, that Rauscher had been told by an agent of Kemper that if he switched a Prudential Insurance policy to a Kemper Insurance policy the annual premiums would be cut more than in half. When Rauscher asked why, he was told it was because he qualified for a commercial policy. Nothing else was mentioned to him, and under his previous policies his insurance had covered him if he was driving a non-commercial vehicle. *Id.* at 347. Specifically, Rauscher testified that "[b]ecause every other insurance policy I have ever had I was covered driving someone else's vehicle. And I assume it would be the same with Kemper." *Id.* Furthermore, since the accident happened three and one half weeks after Rauscher made his first payment, it was unclear from the record whether he had actually ever been sent a copy of his insurance policy. *Id.* at 348.

In filing their motion for reconsideration, the Griffiths argued that equitable considerations required that Rauscher's policy be construed to include the auto accident in which they were injured. *Id.* Specifically, the Griffiths pointed to the representations made by Kemper's agent that the Kemper commercial policy would provide the same coverage as his previous policies. *Id.* The District Court denied the motion for reconsideration and the Griffiths timely appealed to the Third Circuit, which reversed the decision of the District Court.

The court provided a thorough discussion on standing and case or controversy requirements under the United States Constitution — arguments not present in the current case. However, at the very end of the opinion, the court states "[a]lthough it is not necessary to our analysis or conclusion, we note that our decision is supported by the fact that the Griffiths are indispensable parties to this type of declaratory judgment action. . . ." *Id.* at 354. The court then proceeded to explain, in a footnote, that under Rule 19, in a declaratory judgment action involving liability issues under an automobile policy "an injured person is a 'necessary and proper' party." *Id.* n. 5 (citing *Md. Casualty Co. v. Consumers Fin. Serv.*, 101 F.2d 514 (3d Cir. 1938) (a pre-Rule 19 case)). Defendants cite to the following language to bolster their argument for joinder under Rule 19: " 'certainly from a pragmatic viewpoint, it is quite true that in many of the liability insurance cases, the most real dispute is between the injured third party and the insurance company, not between the injured and an oftentimes impecunious insured." *Id.* at 354 (citing to MOORE'S FED. PRACTICE, 6A J. Moore ¶ 57.02[1]). The court went on to note, "[t]his equitable consideration is especially persuasive in view of the fact that the insurance company in this case initiated the action and brought the Griffiths into federal court.

As a result, it would be anomalous to hold that the Griffiths should not be given an opportunity to establish their case against Kemper because of a default which they could not prevent." *Id.* at 355. Both of these comments were made in the context of whether or not the Griffiths had standing, not whether they were an indispensable party under Rule 19.

### 2. *Treesdale*

In contrast, the Third Circuit came to a different conclusion in *Liberty Mutual Ins. Co. v. Treesdale, supra*. In *Treesdale*, the injured party claimed to have been exposed to products containing asbestos which were manufactured by Pittsburgh Metals Purifying Company ("PMP").[3] 419 F.3d at 218. The injured party filed a motion to intervene in an insurance dispute between Liberty Mutual Insurance Company ("Liberty") and PMP, its insured.

PMP was a defendant in a number of actions initiated by persons claiming they suffered bodily injury from an asbestos product the company produced. *Id.* at 219. Liberty had provided a complete defense to PMP for a number of these claims, but eventually claimed that the coverage they owed to PMP had run out. Liberty filed a declaratory judgment against PMP asking the court to declare that they no longer had to pay out for any more claims. Once this action was initiated, a small number of claimants filed a motion to intervene because they claimed that there were policies issued to PMP by Liberty that had still not been exhausted on, and that PMP was insolvent. Originally, the claimants filed their motion under Rule 24, but on appeal they contend they are also indispensable parties under Rule 19. *Id.* at

---

[3] PMP is a part of Treesdale, the court referred to them as PMP.

The court went into a lengthy discussion of why claimants would not be able to intervene in the declaratory judgment action under Rule 24. Most importantly, the court concluded that one factor in determining a motion to intervene is that the party must have "sufficient interest in the litigation." The court defined a "sufficient interest" as "an interest relating to the property or transaction which is the subject of the action." *Id.* at 220 (quoting *Mountain Top Condo. Assoc. v. Dave Stabbert Master Builder, Inc.*, 72 F.3d 361, 366 (3d Cir. 1995)). Moreover, "the mere fact that a lawsuit may impede a third party's ability to recover in a separate suit ordinarily does not give the third party a right to intervene." *Id.* at 223 (quoting *Mountain Top*, 72 F.3d at 366.) The court concluded that claimants could not intervene under Rule 24 because "[w]here a proposed intervenor has only a contingent financial interest in a declaratory judgment action to establish insurance coverage, he/she can not accurately claim that there are common questions of law or fact between the coverage dispute and actions to determine liability for injuries" possibly caused. *Id.* at 228.

After determining that claimants could not intervene under Rule 24, the court then turned to the question of whether they could intervene under Rule 19. Claimants had argued that because they were a necessary party under Rule 19, they should be allowed to intervene as of right under Rule 24. The court disagreed noting that there were additional requirements needed to satisfy a Rule 24 motion, such requirements are not in Rule 19. However, the court noted, "even assuming *arguendo* that a necessary party under Rule [19] can intervene as of right under Rule [24], [claimants] cannot qualify as necessary parties under Rule [19] because their interest does not 'relate to the subject of the action.'" *Id.* at 230 (quoting Rule 19.)

8

The court noted that under Rule 19, "a party is only 'necessary' if it has a legally protected interest, and not just a financial interest, in the action." *Id.* Because claimants interest was merely financial, there were not a necessary party.

### 3. Reconciling the two cases

Left with these two cases as the framework for whether a third party may intervene in a declaratory judgment action for insurance coverage, the court realizes that it is a choice between *dicta*. However, the court believes the instant case is more analogous to *Treesdale*, which also happens to be the Third Circuit's most recent opinion on the matter. Defendants are correct that *Treesdale* did not explicitly overrule *Rauscher*, but this court disagrees that the two cases are not reconcilable.

The *Rauscher* case not only involved a constitutional issue of standing, but also involved equitable considerations — namely, that the Griffiths were brought into court by the insurance company and should have been able to defend their claims regardless of Rauscher's unwillingness to participate in the litigation. Here, neither Phoenix nor the Mortons were dragged into the litigation. In fact, Phoenix initiated the lawsuit against Garman before Nationwide sought declaratory judgment. The only interest Phoenix or the Mortons have in this litigation is financial, they have no independent legal interest. As the Third Circuit made clear in *Treesdale*, a financial interest in the litigation is insufficient to make a party "necessary" under Rule 19. Although this might be *dicta,* it is also the most recent indication of how the Third Circuit would rule if presented with this issue. Accordingly, this court will deny Garman's motion to compel joinder.

## III.        Conclusion

Because both Phoenix and Mortons have only a financial interest in the outcome of the declaratory judgment action between Nationwide and Garman, they are not necessary parties under Rule 19 and are not required to be joined. An appropriate order will be issued.

s/Sylvia H. Rambo
United States District Judge

Dated: May 19, 2010.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

NATIONWIDE MUTUAL INS. CO.; and NATIONWIDE MUTUAL FIRE INS. CO.,
: No. 1:09-CV-1431
    Plaintiffs

v.

FREDERICK G. GARMAN,
    Defendant
: J. Rambo

v.

THE PHOENIX INS. CO. a/s/o JAMES and CHRISTINA MORTON,
    Intervenor Defendant:

## O R D E R

In accordance with the accompanying memorandum of law, **IT IS HEREBY ORDERED** that:

1) Intervenor Defendants the Phoenix Insurance Company and James and Christina Morton's motion to intervene, (Doc. 7), is **MOOT**; and

2) Defendant Garman's motion to compel joinder, (Doc. 17), is **DENIED**.

                                                          s/Sylvia H. Rambo
                                                        United States District Judge

Dated: May 19, 2010.